# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GUSTAVO MENDEZ,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,[1]

Defendant.

_______________________________/

Case No. 2:25-cv-02669-SKO

ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT

(Doc. 1)

## I. INTRODUCTION

Plaintiff Gustavo Mendez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

## II. FACTUAL BACKGROUND

Plaintiff protectively filed claims for DIB and SSI payments on February 16, 2023, and March 16, 2023, respectively, alleging he became disabled on March 7, 2020, due to a back injury.

---

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 8.) On September 9, 2026, this case was reassigned to the undersigned. (*See* Doc. 16.)

(Administrative Record ("AR") 17, 55, 64, 72, 84, 89, 93.) Plaintiff was born in 1979, was 40 years old on the alleged disability onset date, and has at least a high school education. (AR 25, 55, 64, 70, 72, 78, 280.)

**A. Relevant Evidence of Record[3]**

**1. Medical Evidence**

In May 2021, Plaintiff presented for an examination by Agreed Medical Examiner James B. Stark, M.D. (AR 381–84.) Dr. Stark observed that Plaintiff "demonstrated some pain behavior" and alternated between standing and sitting during the evaluation. (AR 383.) He carried a cane in his right hand. (AR 383.) On examination, Plaintiff had left-sided iliolumbar tenderness, limited lumbar range of motion in flexion to 60 degrees, and pain with extremes of midline and left lateral extension. (AR 383.) His straight leg raising was positive on the left side. (AR 383.) He was unable to toe or heel walk and had decreased sensation in the left SI dermatomal distribution. (AR 383.) Dr. Stark diagnosed Plaintiff with chronic low back pain associated with left SI radiculopathy secondary to L5-S1 intervertebral disc herniation. (AR 384.)

Plaintiff presented for another examination by Dr. Stark in May 2024. (AR 571–75.) Dr. Stark noted Plaintiff was in no acute distress, and he carried a cane in his right hand. (AR 573.) During the evaluation, Plaintiff sat briefly and mostly stood. (AR 573.) His gait was "markedly antalgic," and he required assistance from his wife with undressing and dressing. (AR 573.) Examination of Plaintiff's dorsolumbar spine revealed a straight spine, level iliac crests, and reduced dorsolumbar range of motion. (AR 573.) His straight leg raising was positive bilaterally. (AR 573.) Plaintiff had decreased sensation in his left leg. (AR 573.) Dr. Stark assessed Plaintiff with discogenic lower back pain with documented L5-Sl intervertebral disk herniation. (AR 573.)

**2. Opinion Evidence**

In September 2021, following his examination, Dr. Stark opined that Plaintiff was limited to lifting no more than 10 pounds and was precluded from "repetitive bending, prolonged sitting and standing." (AR 380.) Dr. Stark reiterated these limitations in May 2024, following his second

---

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

examination. (AR 574.)

### B. Administrative Proceedings

The Commissioner denied Plaintiff's applications for benefits initially on April 28, 2023 (AR 17, 80–84), and again on reconsideration on March 19, 2024 (AR 17, 86–93). Consequently, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (AR 100–101, 124–44.) At the hearing on September 13, 2024, Plaintiff appeared with counsel and testified before an ALJ as to his work history and alleged disabling conditions. (AR 35–48.) A Vocational Expert (VE) also testified at the hearing. (AR 48–54.)

### C. The ALJ's Decision

In a decision dated October 17, 2024, the ALJ found that Plaintiff was not disabled, as defined by the Act. (AR 17–27.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 19–27.) The ALJ decided that Plaintiff met the insured status requirements of the Act through December 31, 2026, and he had not engaged in substantial gainful activity since October 31, 2021, the alleged onset date (step one). (AR 19.) At step two, the ALJ found Plaintiff's following impairments to be severe: degenerative disc disease of the lumbar spine and obesity. (AR 19–20.) The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 20–25.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[4] and applied the assessment at steps four and five. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

> to perform sedentary work as defined in 20 C.F.R. [§] 404.1567(a) and 416.967(a) except [Plaintiff] requires the use of a cane to ambulate on uneven terrain and long distances (defined as 100 yards). [Plaintiff] can occasionally climb ramps and stairs. [Plaintiff] can never climb ladders or scaffolds. [Plaintiff] can occasionally balance, stoop, kneel, crouch and crawl

(AR 20–25.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision." (AR 21.)

The ALJ determined that Plaintiff had could not perform his past relevant work (step four) but that, given his RFC, he could perform a significant number of jobs in the national economy, specifically surveillance systems monitor, document preparer, and telephone quotation clerk (step five). (AR 25–27.) The ALJ concluded Plaintiff was not disabled from October 31, 2021, through the date of the decision. (AR 27.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on July 25, 2025. (AR 1–6.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481.

## III. LEGAL STANDARD

### A. Applicable Law

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The

Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B. Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 930 F.3d 1141, 1153–54 (9th Cir. 2020). "This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.")

(citations omitted).

In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV. DISCUSSION

Plaintiff contends that the ALJ erred in the consideration of the persuasiveness of the medical opinion evidence, failed to offer a clear and convincing reason(s) for rejecting Plaintiff's subjective symptom complaints, and did not identify a significant number of jobs that exist in the national economy that Plaintiff could perform at step five. (Docs. 12, 15.) The Commissioner responds that the ALJ properly assessed the medical evidence, the rejection of Plaintiff's symptoms is supported by substantial evidence, and the VE's testimony supports the ALJ's step five finding. (Doc. 14.)

The Court agrees with Plaintiff that the ALJ did not adequately evaluate the opinion of Agreed Medical Examiner Dr. Stark. Because further proceedings are required regarding the medical opinion evidence and the re-evaluation of the RFC, the Court does not reach the other

allegations of error.[5]

**A. Legal Standard**

An ALJ "cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source" and "explain how [it] considered the supportability and consistency factors' in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(b)); *see also* 20 C.F.R. § 416.920c(b). The Social Security Administration's regulations provide that the most important factors to consider when evaluating the persuasiveness of medical opinions are "supportability" and "consistency." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability refers to "the extent to which a medical source supports the medical opinion by explaining the 'relevant... objective medical evidence.'" *Woods*, 32 F.4th at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). Consistency refers to "the extent to which a medical opinion is 'consistent...with the evidence from other medical sources and nonmedical sources in the claim." *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2).

*Woods* makes clear that to reject properly a medical opinion under the substantial evidence standard, the ALJ "must articulate how persuasive it finds all the medical opinions from each doctor or other source and explain how it considered the supportability and consistency factors in reaching these findings." *Id*. (quoting 20 C.F.R. § 404.1520c(b)); *see also* 20 C.F.R. § 416.920c(b).

**B. Analysis**

With the foregoing legal standards in mind, the Court reviews the weight given to Agreed Medical Examiner Dr. Stark's opinion given in September 2021 and again in May 2024, which limited Plaintiff to lifting no more than 10 pounds and precluded him from "repetitive bending, prolonged sitting and standing." (AR 380, 574.) The ALJ determined that the opinion was partially

---

[5] *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256, at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

persuasive, agreeing with the lifting limitation but finding the remaining limitations to be "inconsistent" "[f]or the same reasons discussed regarding Dr. Ford's prior administrative finding." (AR 25.) Earlier in the decision, the ALJ found the prior administrative finding of M. Ford, M.D., a State agency physician who rendered an opinion at the reconsideration level in March 2024, partially persuasive because it was (1) supported by Dr. Ford's "partial review of [Plaintiff's] medical record," which "specifically noted [Plaintiff's] lumbar spondylosis and the results of an MRI scan of [Plaintiff's] lumbar spine dated August 2023," and (2) "partially consistent with the evidence of record." (AR 24 (citing AR 66, 68–69, 74, 76–77).)

Regarding supportability, the ALJ should consider the extent to which a medical source supports his own opinion and explains the objective medical evidence. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) ("Supportability examines the relevant objective medical evidence and supporting explanations ***presented by the source***") (emphasis added); *see also Acosta Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-0502 (AJN) (KHP), 2021 WL 363682, at *10 (S.D.N.Y. Jan. 29, 2021) (the supportability inquiry is "geared toward assessing how well a medical source supported and explained" their opinion). Here, the ALJ's decision does not address the extent to which Dr. Stark supported his opinion. The ALJ instead incorporates by reference the analysis of Dr. Ford's opinion, which focused on the explanation ***Dr. Ford***—not Dr. Stark—provided for ***their***—not Dr. Stark's—opinion. Further, unlike Dr. Ford, who the ALJ found supported their opinion by reviewing Plaintiff's medical record (AR 24), Dr. Stark did not base his opinion solely on a record review. He also performed a physical examination of Plaintiff in conjunction with his opinion on two occasions, the results of which are not mentioned in the ALJ's persuasiveness analysis. (*See* AR 381–84; AR 571–74.) By omitting any discussion as to the supportability of Dr. Stark's opinion, including the extent to which his physical examinations do or do not support the opined limitations, the Court concludes that the ALJ's persuasiveness analysis lacks substantial evidence.[6] *See Salinas v.*

---

[6] Because the Court finds the ALJ's analysis of the supportability factor lacking, it need not consider Plaintiff's argument directed to the consistency factor. *See Cantu v. Comm'r of Soc. Sec.*, No. 1:26-CV-00489-KES-EPG, 2026 WL 1747051, at *8 n.4 (E.D. Cal. June 17, 2026) ("Because the ALJ's failure to discuss the supportability factor is sufficient to remand this case . . . . the Court need not determine whether the ALJ additionally failed to properly consider the consistency factor in addressing Dr. Matin's opinion."). *See also Maldonado v. Bisignano*, No. 1:24-CV-01263-SKO, 2025 WL 1490167, at *8 (E.D. Cal. May 23, 2025) (remanding where the ALJ properly considered the supportability factor but not the consistency factor); *cf. Harrigan v. Comm'r of Soc. Sec.*, No. 2:25-CV-0891-DJC-

*Bisignano*, No. 1:24-CV-01344-SKO, 2025 WL 2324179, at *7 (E.D. Cal. Aug. 12, 2025) (finding the ALJ erred in analyzing the supportability factor by "failing to discuss the strength of the evidence underlying" the physician's conclusions, including "his own examination findings"); *Schmitzer v. O'Malley*, No. 1:22-CV-1038 JLT BAM, 2024 WL 4345772, at *5 (E.D. Cal. Sept. 30, 2024) (finding error in the supportability discussion where "the ALJ did not make any findings as to what extent—if any—Dr. Pietruszka supported the limitations identified in" the opinions and "failed to explain to what extent Dr. Pietruszka's own treatment records did not support his opinions."); *see also Katherine D. v. Comm'r, Soc. Sec. Admin.*, No. 6:20-CV-1920-MO, 2024 WL 244625, at *6 (D. Or. Jan. 23, 2024) ("Regarding 'supportability,' the ALJ erred by failing to discuss the strength of the evidence underlying Dr. Hallenburg's conclusions."). And, because error in the treatment of a medical opinion impacts the RFC determination, the Court declines to find substantial evidence supports the RFC. *See Garmany v. O'Malley*, No. 1:23-CV-00607-HBK, 2024 WL 3105824, at *6 (E.D. Cal. June 24, 2024) (errors in addressing medical opinion evidence "calls into question whether the assessed RFC . . . [is] supported by substantial evidence").

**C. Harmless Error Analysis**

The ALJ's erroneous analysis of the persuasiveness of Agreed Medical Examiner Dr. Stark's opinion is not harmless. Errors are harmless when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, the VE testified the addition to the RFC a requirement of a break after sitting or standing for 10 to 25 minutes, consistent with a limitation on "prolonged sitting and standing" opined by Dr. Stark, would preclude all work. (AR 51–52.) The Court therefore cannot "confidently conclude" that "no reasonable ALJ" considering Dr. Stark's opined limitations could have reached a different disability determination. *See Carter v. Comm'r of Soc. Sec.*, No. 2:24-CV-01177-DGE, 2025 WL 747429, at *10 (W.D. Wash. Mar. 10, 2025) ("These errors were not harmless, as they impacted the RFC formulated by the ALJ. If Plaintiff's testimony and the opinions of Dr. Craig and Nurse Wong had

---

SCR, 2026 WL 1144268, at *16 (E.D. Cal. Apr. 28, 2026) ("Because any assessment of a medical opinion must adequately discuss its supportability and consistency, errors are only harmless if at least one holding for each of these factors survives review.") (internal citations omitted).

been credited, the ALJ could not have concluded Plaintiff was able to work.") (internal citations omitted); *David C. v. Comm'r of Soc. Sec.*, No. 23-CV-0655-WQH-MMP, 2024 WL 3596856, at *12 (S.D. Cal. July 31, 2024) (error not harmless where the Court finds the ALJ erred by failing to address adequately the supportability factor when evaluating a medical opinion); *see also Suzi Marie H. v. O'Malley*, No. 3:22-cv-01963-WQH-AHG, 2024 WL 965233, at *14 (S.D. Cal. Mar. 5, 2024) (determination that medical opinions were unpersuasive without providing an explanation supported by substantial evidence was "not inconsequential since it could have impacted the final RFC.").

**D. Remand for Further Proceedings**

The decision whether to remand a matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Notably, except in rare instances, when a court reverses an agency's determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

Here, the Court finds, and Plaintiff agrees (Doc. 12 at 16), that remand for additional proceedings is necessary because the persuasiveness of Dr. Stark's opinion must be analyzed further before a determination of disability may be made.[7] *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2); *see also Cesar C. v. Dudek*, No. 1:24-CV-03177-EFS, 2025 WL 1065959, at *10 (E.D. Wash. Apr. 9, 2025) (remanding for further proceedings where the ALJ "failed to address the supportability of [medical] opinions in any meaningful way"). *Cf. Emily B. v. Kijakazi*, No. 4:20-CV-05174-SMJ, 2022 WL 17224299, at *6 (E.D. Wash. Sept. 14, 2022) (observing that the revised regulations rejected application of the Ninth Circuit's "credit-as-true" doctrine to medical opinions and the commentary expressly stated: "it is never appropriate under our rules to 'credit-as-true' any medical opinion").

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by

[7] As to the ultimate outcome of Plaintiff's claim, the Court expresses no opinion as to the level of persuasiveness that should be ascribed to the medical opinion evidence. Nor does the Court express what Plaintiff's RFC ultimately should be. These are for the ALJ to decide. *Ford*, 950 F.3d at 1154.

substantial evidence or free from legal error and it is, therefore, VACATED. The case is REMANDED to an ALJ for further proceedings consistent with this Order. The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Gustavo Mendez and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **October 21, 2026**

**/s/** *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE